UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID DOTSON,**<br>　**Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2274** |
| **ATLANTIC SPECIALTY**<br>**INSURANCE COMPANY,**<br>　**Defendant** | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment by Atlantic Specialty Insurance Company ("ASIC") on Plaintiff David Dotson's Bad Faith Claim.[1] For the reasons that follow, the motion is **GRANTED.**

## BACKGROUND

This action arises from a vehicle accident that occurred on the morning of January 19, 2015 in Orleans Parish, Louisiana.[2] Plaintiff was operating a tow truck owned by his employer when a pickup truck driven by John Price and insured by State Farm Mutual Automobile Insurance Company ("State Farm") struck Plaintiff.[3] Plaintiff filed suit in the Civil District Court for Orleans Parish against Price, State Farm, Progressive Direct Insurance Company ("Progressive," Plaintiff's uninsured and underinsured motorist insurer), and ASIC (Plaintiff's employer's uninsured and underinsured motorist insurer).[4] While the matter was pending in state court, Plaintiff settled but only with Price and State Farm.[5] Progressive removed the matter to this Court, Civil Action No. 17-14063 (the "2017

---

[1] R. Doc. 12. Plaintiff opposes the motion. R. Doc. 14. ASIC filed a reply. R. Doc. 20.
[2] *Dotson v. Price*, Civ. No. 17-14063-SM-DMD (E.D. La. Dec. 1, 2017), ECF. No. 1-7 at ¶ V.
[3] *Id*.
[4] *Id*. at ¶¶ II-IV.
[5] *Dotson v. Price*, Civ. No. 17-14063-SM-DMD (E.D. La. Dec. 1, 2017), ECF. No. 1 at ¶ II.

1

Action").[6] On April 19, 2019, Plaintiff moved for summary judgment that ASIC's policy provided a limit of $1,000,000 in uninsured motorist ("UM") coverage to Plaintiff for the accident giving rise to the litigation.[7] On June 19, 2019, the Court granted Plaintiff's motion for summary judgment holding there was no valid UM waiver that comported with Louisiana's statutory requirements and, as a result, the limit had not been reduced, as ASIC had argued, to $100,000.[8] On July 11, 2019, following a notice of settlement, the Court entered a dismissal "as to all parties, without costs and without prejudice to the right, upon good cause shown, within sixty days, to reopen the action if the settlement is not consummated."[9] On August 20, 2019, Plaintiff signed a "Receipt, Release, Defense, and Indemnity Agreement" in favor of ASIC.[10]

On September 24, 2019, Plaintiff filed a Stipulation of Dismissal with Prejudice "of the claims asserted by Plaintiff David H. Dotson in this action as against Atlantic Specialty Insurance Company, each party to bear his or its own costs."[11]

On April 1, 2020, Plaintiff filed an action seeking bad faith penalties and damages against ASIC in the Civil District Court for Orleans Parish.[12] On August 17, 2020, ASIC removed the matter to this Court (the "2020 Action").[13]

On February 11, 2021, ASIC filed this Motion for Summary Judgment on Plaintiff's Bad Faith Claim, seeking summary judgment that the claim is barred by the doctrine of res judicata based on the final judgment of dismissal entered in the 2017 action.[14]

---

[6] *Id.* at ¶ VII. ASIC was served after the action was removed to this Court.
[7] *Dotson v. Price*, Civ. No. 17-14063-SM-DMD (E.D. La. Dec. 1, 2017), ECF. No. 56.
[8] *Dotson v. Price*, Civ. No. 17-14063-SM-DMD (E.D. La. Dec. 1, 2017), ECF. No. 120 at 10.
[9] *Dotson v. Price*, Civ. No. 17-14063-SM-DMD (E.D. La. Dec. 1, 2017), ECF. No. 137.
[10] The release was filed under seal with the Court. R. Doc. 11-4. The Court hereby unseals this excerpt of the document.
[11] *Dotson v. Price*, Civ. No. 17-14063-SM-DMD (E.D. La. Dec. 1, 2017), ECF No. 138.
[12] R. Doc. 1-2.
[13] R. Doc. 1.
[14] R. Doc. 12.

## **STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15] "An issue is material if its resolution could affect the outcome of the action."[16] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[17] All reasonable inferences are drawn in favor of the non-moving party.[18] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[19]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."[20] To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim."[21] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden

---

[15] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[16] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[17] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[18] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[19] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).
[20] *Celotex*, 477 U.S. at 323.
[21] *Id.* at 331.

3

of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[22]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[23] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[24] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[25] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[26]

---

[22] *Id.* at 322–24.
[23] *Id.* at 331–32 (Brennan, J., dissenting).
[24] *See id.* at 332.
[25] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.
[26] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

**LAW AND ANALYSIS**

ASIC argues it is entitled to summary judgment that Plaintiff's bad faith claim[27] is barred by res judicata because Plaintiff settled and released all claims against ASIC arising out of the January 2015 accident when he executed a Receipt, Release, Defense, and Indemnity Agreement with ASIC and stipulated to the dismissal of the 2017 Action.[28] ASIC points to the release signed by Plaintiff on August 20, 2019, which states:

> G. **ALL CLAIMS** shall mean any and all past, present, and future claims, demands, claims of intervention, actions, liabilities, causes of action, or suits at law, in equity, in civil law, in common law, in tort, in contract or of whatever kind or nature, asserted or required to be asserted in the **LAWSUIT** arising out of the **INCIDENT**. The definition of **ALL CLAIMS** specifically includes demands, actions, liabilities, causes of action and suits for **INJURY**, as well as any other damages of any type or description asserted or required to be asserted in the **LAWSUIT** arising out of the **INCIDENT**, which may be recoverable or exist under the laws of the State of Louisiana, the laws of the United States of America or any other state thereof.[29]

Plaintiff argues his bad faith claim is not barred because the statutory elements of res judicata are not satisfied. Plaintiff argues the bad faith claim was not the subject matter of the 2017 Action and was not actually litigated in the 2017 Action.[30] Plaintiff alternatively argues the "exceptional circumstances" exception to res judicata applies because ASIC misled the Court on the issue of UM coverage during the 2017 Action.[31]

The parties cite only Louisiana's doctrine of res judicata under La. Rev. Stat. § 13:4231, but generally, "[f]ederal law determines the res judicata and collateral [estoppel]

---

[27] Penalties may be recovered under certain circumstances under Louisiana law, which provides that "[f]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" may subject the insurer to penalties. La. Rev. Stat. § 22:1973.
[28] R. Doc. 12-1 at 7.
[29] The release was filed under seal with the Court. R. Doc. 11-4. The Court unsealed this excerpt.
[30] R. Doc. 14 at 6-7.
[31] *Id*. at 8.

5

effect given a prior decision of a federal tribunal, regardless of the bases of the federal court's jurisdiction."[32] In this case, the 2017 Action was initiated in state court before being removed to this Court. The final judgment of dismissal on all claims in the 2017 Action was entered by this Court, a federal tribunal. The Court will determine whether the elements of res judicata have been met under both Louisiana and federal common law and, if so, need not determine which law applies.

**Federal Law**

Under federal common law, "res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion."[33] "Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."[34] The party raising the defense of res judicata bears the burden of proving all four elements,[35] which include: (1) the parties are identical or in privity; (2) the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and, (4) the same claim or cause of action was involved in both actions.[36]

The first three elements of res judicata are easily established in this case: (1) the parties, David Dotson and ASIC, are identical; (2) Plaintiff's "Stipulation of Dismissal with Prejudice" was entered in this Court, which has jurisdiction over this matter; and (3) the 2017 Action was concluded by a final judgment on the merits. Because the parties do

---

[32] *Freeman v. Lester Coggins Trucking, Inc.*, 771 F.2d 860, 862 (citing *Stovall v. Price Waterhouse Co.*, 652 F.2d 537 (5th Cir. 1981)).
[33] *Test Masters*, 428 F.3d at 570 (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 436 (5th Cir. 2000)).
[34] *Id.* (citing *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004)).
[35] *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008) (citing 18 Wright & Miller § 4405, at 83).
[36] *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004).

not dispute the first three elements are met, the question of res judicata turns on whether the fourth element is met.37

With regard to whether the same claim or cause of action was involved in both actions, the Fifth Circuit uses the transactional test.38 "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose."39 "What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."40 The critical issue is whether the two actions are based on the "same nucleus of operative facts."41 Under the transactional test "the critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts."42

The Court finds the fourth element of res judicata under federal common law has been met in this case. With respect to the claims against ASIC, the 2017 Action and the 2020 Action arose out of the same nucleus of operative facts—Plaintiff's damages in the accident and ASIC's failure to pay under its UM policy. Under federal common law,

---

37 *See Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 521 (5th Cir. 2016).
38 *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004).
39 *Test Masters*, 428 F.3d at 571 (citing *Petro-Hunt*, 365 F.3d at 395-96).
40 *Id.* (citing *Petro-Hunt*, 365 F.3d at 396).
41 *Id.* (quoting *Gillispie*, 203 F.3d at 387; citing *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309 (5th Cir. 2004)).
42 *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994).

Plaintiff was required to bring his bad faith claim in the 2017 Action and is precluded from raising it in the 2020 Action under the principle of res judicata.[43]

### **Louisiana Law**

Under Louisiana's civil law tradition, res judicata is codified in La. Rev. Stat. § 13:4231, which states:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The Louisiana State Law Institute's Comment (e) to the statute explains:

> (e) Causes of action existing at the time of the final judgment. This clause is important in determining the scope of res judicata and accords with the basic principle underlying the doctrine of res judicata that *a plaintiff must assert all of his rights and claim all of his remedies arising out of the transaction or occurrence*. Claims that arise or which he becomes aware of before trial, may be asserted through an amended or supplemental petition, and these claims will relate back to the time of the original filing if they arise out of the transaction or occurrence set forth in the original petition. Code of Civil Procedure Articles 1153, 1155. Alternatively, he may seek a reservation in the judgment of the right to bring another action. See R.S. 13:4232.

---

[43] Plaintiff argues res judicata is not applicable because his bad faith claim was not actually litigated in the 2017 Action. Under federal law, actual litigation of the claim in the earlier action is not required because under the transactional test the bad faith claim arose from the same nucleus of operative facts as the contract claim.

8

Under Louisiana law, the Court must determine whether Plaintiff's contract claim and bad faith claim against ASIC arise out of the same transaction or occurrence and, if so, the 2020 Action is barred by the principle of res judicata. In *Kosak v. Louisiana Farm Bureau Casualty Insurance Co.*, the plaintiffs made no bad faith claim against Farm Bureau in their original petition but sought bad faith penalties in their amended petition, filed more than a year later.[44] The trial court held the bad faith claim had prescribed because the amendment did not relate back to the filing of the original petition. The trial court certified the appeal of whether the bad faith claim had prescribed under La. C. Civ. P. art. 1915(B). The Louisiana Fourth Circuit Court of Appeal refused to certify the appeal for reasons of judicial economy because "Plaintiffs' contract claims and bad faith claims against Farm Bureau are intertwined and center around the same set of operative facts, specifically the Plaintiffs' alleged injuries in the two motor vehicle accident and Farm Bureau's alleged failure to pay under its UM policies. We find that all of these interrelated facts depend on each other for common resolution and should not be separated on appeal."[45] This leads the Court to conclude that the contract claim and the bad faith claim against ASIC are intertwined and center around the same set of operative facts and that they arose out of the same transaction or occurrence. As another section of this court has held, in Louisiana "a claim for bad faith against an insurer must be brought in the same suit as the underlying UM claim. La. Rev. Stat. § 13:4231. An attempt by a plaintiff to file suit on a bad faith claim after an adjudication of the underlying UM claim would be subject to dismissal under the doctrine of res judicata."[46] Plaintiff was required to bring

---

[44] 2020 WL 7258252 (La. App. 1 Cir. Dec. 10, 2020).
[45] *Id.*
[46] *Ruckman v. USAA Cas. Ins. Co.*, Civ. No. 19-cv-1288 (E.D. La. Nov. 13, 2019), ECF No. 21 at *3.

his bad faith claim in the 2017 Action and is precluded from doing to in the 2020 Action under the Louisiana law of res judicata.

Alternatively, Plaintiff argues exceptional circumstances warrant a departure from applying res judicata to preclude his bad faith claim.[47] Plaintiff argues ASIC "persistently misrepresented and concealed the UM policy limits" in the 2017 Action. Plaintiff further argues "Plaintiff, to his detriment, did not learn of ASIC's bad faith until after the deadline for amending pleadings had already passed."[48] In *Spear v. Prudential Prop. and Cas. Ins. Co.*, the Louisiana Fourth Circuit Court of Appeal declined to apply the exceptional circumstances exception explaining that the exception must be applied on a case by case basis and only in truly exceptional cases.[49] After considering equitable considerations, the court explained that in the prior action there was "no impediment to [the plaintiff] amending her petition to add claims for damages, penalties, and attorney's fees [for the bad faith claim]. Indeed, she presented evidence on those issues to the trial court."[50] The exceptional circumstances exception to res judicata "is not intended to apply in the case where the plaintiff has simply failed to assert a right or claim for damages through oversight or lack of preparation."[51]

The Plaintiff in this case was on notice of all the facts he alleges give rise to his present bad faith claim during the pendency of the 2017 Action. His motion for partial summary judgment on UM coverage was based on there being no valid waiver of UM coverage. Plaintiff stated that "[o]n March 18, 2019, Atlantic Specialty supplemented its

---

[47] R. Doc. 14 at 8.
[48] *Id.*
[49] *Spear v. Prudential Prop. and Cas. Ins. Co.*, 727 So.2d 640, 642-43 (La. App. 4th Cir. Jan. 13, 1999).
[50] *Id.* at 643.
[51] *Id.*

10

production with a second Louisiana UM coverage form."[52] It was this form that Plaintiff argued to this Court lacked an effective UM waiver, therefore setting the coverage limit at $1,000,000. ASIC responded to Plaintiff's Interrogatories on November 14, 2018 with the assertion that there was a "$100,000.00 per accident UM limit."[53] Plaintiff presented evidence on the UM coverage issue to this Court on summary judgment and this Court adjudicated the issue in Plaintiff's favor on June 19, 2019. The suit proceeded for another three months before Plaintiff executed the "Receipt, Release, Defense and Indemnity Agreement" releasing all claims. Plaintiff did not seek leave to amend his complaint to include the bad faith claim or a continuance to investigate the viability of such a claim. Following this Court's June 19, 2019 Order and Reasons, ASIC "did not in any way prevent [Plaintiff] from amending [his] petition to state a claim for damages arising from [its] alleged bad faith claim or from offering proof as to bad faith and damages arising therefrom."[54] The Court entered its Order and Reasons on the Plaintiff's motion for summary judgment on June 19, 2019.[55] Plaintiff did not then seek leave of the Court to amend his pleadings before filing a Stipulation of Dismissal with Prejudice of all claims against ASIC. Plaintiff did not reserve his right to bring a bad faith claim against ASIC in the release or in the Stipulation of Dismissal with Prejudice.[56] Plaintiff's own inaction bars a finding that this case represents a truly exceptional case.

---

[52] *Dotson v. Price*, Civ. No. 17-14063-SM-DMD (E.D. La. Dec. 1, 2017), ECF. No. 56-1 at 6.
[53] R. Doc. 14-8 at 7.
[54] *Id.*
[55] *Dotson v. Price*, Civ. No. 17-14063-SM-DMD (E.D. La. Dec. 1, 2017), ECF. No. 120.
[56] The reservation of rights in a dismissal is not a foreign concept to Plaintiff. When he dismissed his claims against Progressive in the 2017 Action, he included a "reservation of Plaintiff's rights and claims against Atlantic Specialty Insurance Company." *Dotson v. Price*, Civ. Action No. 17-14063 (E.D. La. July 2, 2019), ECF 130.

11

Res judicata under federal common law and Louisiana law precludes Plaintiff from raising the bad faith claim in the 2020 Action. As a result, the Court need not determine whether federal common law or Louisiana applies. ASIC is entitled to summary judgment that Plaintiff's bad faith claim is barred by the doctrine of res judicata.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant Atlantic Specialty Insurance Company's Motion for Summary Judgment on Plaintiff's Bad Faith Claim[57] is **GRANTED.**

**New Orleans, Louisiana, this 7th day of May, 2020.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[57] R. Doc. 12.